UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND OF TEXAS INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2028-B |
| CITY OF ARLINGTON, TEXAS, | § § | |
| Defendant. | § § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff National Federation of the Blind of Texas ("NFB")'s Motion for Leave to File Amended Complaint (Doc. 19). For the reasons below, the Court **GRANTS** NFB's Motion.

## I.

## BACKGROUND

This is a freedom of speech case. NFB filed suit on August 26, 2021, seeking declaratory and injunctive relief under 42 U.S.C. § 1983 against Defendant City of Arlington, Texas ("Arlington"), whose donation bin ordinance NFB claims unconstitutionally infringes its right to engage in charitable speech. Doc. 1, Compl., ¶¶ 1–3. After the parties conducted their Rule 26(f) conference on October 6, 2021, they filed a Joint Status Report proposing a timeline for discovery and other deadlines. Doc. 15, Jt. Status Rep., 1, 7–8. The Joint Status Report indicated that NFB and Arlington held differing views of how the case should proceed. *See id.* Arguing that its speech was chilled by the allegedly unconstitutional ordinance and that the case mostly presented issues of pure

law, NFB "proposed the parties jointly stipulate to facts, stipulate to no discovery, and streamline this case for early resolution through dispositive motion and response" and requested an expedited schedule with the case to be decided upon dispositive motions due in January 2022. *Id.* ¶¶ 6(a), 11. Arlington, by contrast, indicated that it "anticipate[d] needing discovery on numerous topics" and proposed that discovery continue through August 2022, with dispositive motions due in August 2022 and trial beginning in October 2022. *Id.* ¶¶ 6(a), 11–12.

After considering the parties' requests, the Court determined that expedited discovery was appropriate and entered a Scheduling Order establishing the following deadlines:

| | |
|---|---|
| Deadline for Joint Report naming mediator (¶ 5) | November 22, 2021 |
| Deadline for Completion of Discovery (¶ 4) | December 31, 2021 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | January 07, 2022 |
| Deadline for Completion of Mediation (¶ 5) | February 11, 2022 |
| Deadline for Dispositive Motions (¶ 3) | March 11, 2022 |

Doc. 16, Scheduling Order, 1. The Scheduling Order further noted that:

> The parties disagree as to whether trial is needed in this case, or whether the case may be decided as a matter of law upon consideration of cross-motions for summary judgment. *See* Doc. 15, Jt. Status Rpt., ¶¶ 4, 6, 7, 9, 11, 12. Therefore, the Court does not now set the case for trial. If the Court finds upon consideration of dispositive motions that neither party is entitled to judgment as a matter of law, then the Court will set the case for trial.

*Id.* ¶ 1. (emphasis omitted).

On December 2, 2021—more than one month before the Court's deadline to join parties or amend the pleadings—NFB filed the present motion under Rules 15(a) and 20(a)(1), requesting leave to join "Arms of Hope ("AOH"), a Texas nonprofit corporation[,]" as a plaintiff and to amend its complaint accordingly. Doc. 19, Pl.'s Mot., 1; *see* Doc. 16, Scheduling Order, 1. NFB represents

that AOH seeks to join only a facial challenge to the ordinance's constitutionality, such that no additional legal issues will be presented, and that joinder will serve the interest of judicial economy since AOH will otherwise challenge the ordinance in a separate action. *Id.* at 1–2. The motion indicates that Arlington is opposed to the relief sought. *Id.* at 1.

On December 13, 2021, the parties filed notice that they had agreed to extend discovery through January 31, 2022, and that the agreed extension would not affect the remaining deadlines set by the Scheduling Order. Doc. 21, Agreed Notice Extension, 1.

Arlington responded to NFB's motion on December 23, 2021, arguing that NFB "downplays the full impact of the proposed amendments and requested joinder." Doc. 27, Def.'s Resp., 2. Arlington argues that the joinder of an additional plaintiff so near the discovery deadline would prejudice Arlington because "the proposed First Amended Complaint . . . allege[s] that the Ordinance is 'unconstitutional on its face and as applied to *Plaintiffs*'" meaning that "Arlington will need to seek discovery from AOH" to address the new as-applied challenge. *Id.* at 6. Arlington further argues that joinder of AOH does not serve judicial efficiency, because "[t]he same attorneys making identical arguments on behalf of two plaintiffs will not resolve this dispute any faster than if those arguments are advanced on behalf of a single plaintiff" and that AOH will benefit if NFB succeeds on a facial challenge even if AOH is not a party. *Id.* at 5–6. Finally, Arlington argues that NFB's motion, while filed before the Court's deadline, is untimely because the impending close of discovery would require the Court to amend its Scheduling Order should the motion be granted. *Id.* at 7. Arlington argues that since an Amended Scheduling Order will be necessary, the Court should apply Fed. R. Civ. P. 16(b)(4) instead of Rule 15(a) and require "NFB . . . to show good cause" for its joinder request. *Id.*

On January 7, 2022, NFB filed its reply, which represented that:

> Arlington identified a typographical error made when National Federation of the Blind of Texas changed all references of "Plaintiff" to "Plaintiffs" for subject-verb agreement in the First Amendment Complaint, and the plural form was inadvertently used with respect to the words "as applied" in two occurrences. National Federation of the Blind of Texas respectfully requests leave of Court to correct that typographical error in the First Amended Complaint because Arms of Hope indeed joins only the facial claims.

Doc. 29, Pl.'s Reply, 3–4.

NFB argued that because AOH joined only the facial claim, no additional discovery would be needed, and thus Arlington would not be prejudiced. *Id.* at 2–4. For the same reason, the Court need not amend its Scheduling Order, NFB argued. *Id.* at 7.

The motion being fully briefed, the Court considers it below.

## II.

## LEGAL STANDARDS

A.    *Rule 15(a)*

"Rule 15(a) . . . ordinarily governs the amendment of pleadings" before "a scheduling order's deadline to amend has expired." *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Although Rule 15 favors granting leave to amend, leave is by no means automatic. *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595

-4-

(5th Cir. 2004) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). In its discretion, a court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent these factors, a court should grant leave. *Id.* (quoting *Foman*, 371 U.S. at 182).

B.      *Rule 20*

Plaintiffs may join in a single action if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). "Generally, as long as both prongs of the test are met, 'permissive joinder of plaintiffs . . . is at the option of the plaintiffs.'" *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (quoting *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995)). And because "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties[,] joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *see also Acevedo*, 600 F.3d at 521 (quoting *Gibbs*, 383 U.S. at 724). District courts have the discretion, however, "to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo*, 600 F.3d at 521 (citations omitted).

III.

ANALYSIS

A.     *Leave to Amend is Granted*

As noted above, NFB filed its motion more than one month before the Court's deadline to join parties and amend the complaint. *See* Doc. 19, Pl.'s Mot.; Doc. 16, Scheduling Order, 1. Therefore, the Court finds that the appropriate rule under which to consider this motion is Rule 15(a), which generally applies to timely motions to amend. *See Squyres*, 782 F.3d at 237.

As discussed above, a court applying Rule 15(a) should only deny leave to amend if it finds a "substantial reason" to do so. *EMC Corp.*, 393 F.3d at 595. Here, the Court finds no substantial reason to deny leave to amend. *See id.* at 595–97.  First, allowing this amendment will not "cause[] considerable delay and expense for [Arlington] and the court," unduly prejudicing Arlington. *See id.* at 596. Because AOH seeks to join only the facial challenge, the Court cannot foresee—nor has Arlington identified—any specific information Arlington would need to respond to such a challenge that it could not obtain before the current January 31, 2022, deadline to close discovery. *See* Doc. 27, Def.'s Resp., 8 (noting that "if AOH is truly only joining in the facial challenge . . . then the importance of the proposed joinder and associated amendments are minimal"); Doc. 29, Pl.'s Reply, 3 ("To remove any doubt, Arms of Hope is joining *only* the facial claims."); *see also* Doc. 21, Agreed Notice Extension.  Next, Arlington has not claimed that NFB's amendment is offered in "bad faith or [for] dilatory motive." *See Rosenzweig,* 332 F.3d at 864. While Arlington argues that NFB and its counsel knew of AOH's interest in challenging the ordinance before NFB brought suit, Doc. 27, Def.'s Resp., 8, NFB states that it "filed its Motion as soon as it reasonably could, and it was timely." Doc. 29, Pl.'s Reply, 6 & n.1. The Court agrees that NFB has not acted improperly by filing the

-6-

motion at this time. Third, as this is NFB's first request to amend the complaint, there is no "repeated failure to cure deficiencies by amendments previously allowed." *Rosenzweig,* 332 F.3d at 864. And finally, while Arlington argues that nothing is gained by joining AOH to the action since a successful facial challenge will benefit AOH even if it remains a nonparty, generally, so long as the requirements of Rule 20 are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs." *Acevedo*, 600 F.3d at 521.

In sum, the Court finds that NFB should be given leave to amend and join AOH so long as joinder is proper under Rule 20. *See EMC Corp.*, 393 F.3d at 595. The Court therefore turns to the Rule 20 analysis.

B.     *Joinder of AOH is Proper*

Under Rule 20, joinder is proper if a two-prong test is satisfied: "(1) [the plaintiffs'] claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and . . . (2) there is at least one common question of law or fact linking all claims." *Acevedo*, 600 F.3d at 521.

NFB claims that Rule 20 is satisfied "because Plaintiff AOH asserts a right to the declaratory and injunctive relief sought, severally, with respect to the pending facial challenge of the City of Arlington's donation bin ordinance . . . and this case raises the same question of facial unconstitutionality under the First Amendment common to all Plaintiffs." Doc. 19, Pl.'s Mot., 1. Arlington does not dispute that AOH and NFB's claims arises out of the same transaction or occurrence or share a common question of law or fact. *See* Doc. 27, Def.'s Resp., 6 (noting that if AOH is joined, "[t]he same attorneys [will be] making identical arguments on behalf of two plaintiffs").

Though NFB does not state what the relevant "transaction or occurrence" is for the first prong of the Rule 20 analysis, presumably it is the enactment of the allegedly unconstitutional ordinance. *C.f. Turner v. Lafond*, 2009 WL 3400987, at *4 (N.D. Cal. Oct. 20, 2009) ("Although [the plaintiffs'] claims arise out of disparate factual circumstances, the primary thrust of their allegations is identical: the [defendant's] policies . . . violate the First Amendment of the United States Constitution. Accordingly, their claims arise out of the same transaction or occurrence—the same 'widely-held' policy . . . "). NFB asserts that the second prong of the joinder analysis is satisfied because AOH also asserts that Arlington's ordinance is facially unconstitutional. *See* Doc. 19, Pl.'s Mot., 1. The Court agrees that both prongs of the joinder analysis are satisfied.

Arlington argues that the Court should nonetheless exercise its "discretion to refuse joinder in the interest of avoiding prejudice and delay." *See* Doc. 27, Def.'s Resp., 3–5 (quoting *Acevedo*, 600 F.3d at 521). As explained above, because AOH joins only in the facial challenge, and because the parties have already agreed to extend discovery through January 31, 2022, Doc. 21, Agreed Notice Extension, 1, the Court finds that granting joinder will not unduly prejudice Arlington or cause delay. Therefore, the Court concludes that AOH may and should be joined. *C.f. Acevedo*, 600 F.3d at 521.

## IV.

## CONCLUSION

For all these reasons, the Court finds that no "substantial reason" exists in this case to deny Defendant leave to amend and that AOH may be joined as a plaintiff in this action. Accordingly, Plaintiff's Motion (Doc. 19) is hereby **GRANTED**. NFB's request for leave to correct the "typographical error" identified by Arlington, clarifying that AOH joins only the facial constitutional

challenge is likewise granted. *See* Doc. 29, Pl.'s Reply, 4. NFB shall file its corrected First Amended Complaint —which except for correcting "Plaintiffs" to "Plaintiff" in the two instances identified in the Reply shall not differ from the version attached to Doc. 19—**on or before Wednesday, January 12, 2022.** The Clerk of Court is **DIRECTED** to enter Plaintiff's corrected First Amended Complaint as of the date of its filing.

SO ORDERED.

SIGNED: January 10, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE