UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND OF TEXAS INC., and ARMS OF HOPE, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2028-B |
| CITY OF ARLINGTON, TEXAS, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Arlington, Texas ("Arlington")'s Objections to and Motion to Strike Plaintiffs' Summary Judgment Response Evidence (Doc. 69). For the reasons given below, the court **DENIES** the objections and motion to strike.

### I.

### BACKGROUND

This is a freedom of speech case. Plaintiffs National Federation of the Blind of Texas ("NFB") and Arms of Hope ("AOH") (collectively, "Plaintiffs") are Texas nonprofit corporations. Doc. 35, Am. Compl., ¶ 11. Plaintiffs claim that they "[b]oth . . . desire to solicit charitable contributions via donation bin[s] in Arlington . . . and [NFB] applied for permits to engage in that . . . activity in Fall 2020." *Id.* But Arlington's "Ordinance No. 18-044, . . . [adopted in 2018 and] codified as the 'Donation Boxes Chapter' of the Code of the City of Arlington, Texas ('the Ordinance'), effectively bans charitable solicitations made via donation bin in most, if not all, of Arlington," Plaintiffs claim, and NFB's permit applications under the Ordinance were therefore denied. *Id.* ¶12. Plaintiffs filed

this suit against Arlington seeking declaratory and injunctive relief under 42 U.S.C. § 1983, claiming that the Ordinance—as applied to NFB and on its face—unconstitutionally infringes their right to engage in charitable speech through such bins. *Id.* ¶¶ 1–2, 6, 11, 91, 102, 107, 112.

After their initial joint status conference, "[t]he parties disagree[d] as to whether trial is needed . . . or whether the case may be decided as a matter of law upon consideration of cross-motions for summary judgment" and whether discovery should be permitted. *See* Doc. 16, Scheduling Order, 2; Doc. 15, Joint Status Rep., 4–5. In light of these disagreements, the Court issued a Scheduling Order allowing for expedited and limited discovery before the filing of dispositive motions, stating that "[i]f . . . upon consideration of dispositive motions . . . neither party is entitled to judgment as a matter of law . . . then the Court will set the case for trial." Doc. 16, Scheduling Order, 2.

Relevant to the present motion, on March 11, 2022, Arlington filed a motion for summary judgment and plaintiffs filed a motion for partial summary judgment. Doc. 47, Arlington's Mot. Summ. J.; Doc. 50, Pls.' Mot. Partial Summ. J. On April 1, 2022, each party filed a response. Doc. 53, Arlington's Resp. and Obj.; Doc. 56, Pls.' Resp. Plaintiffs also filed a five-volume appendix in support of their response (the "Appendix to Plaintiffs' Response"). Docs. 57–61, Pls.' App. Vols. 1–5.[1] On April 15, 2022, each party filed a reply. Doc. 64, Arlington's Reply; Doc. 65, Pls.' Reply. Section III of Arlington's Reply presented Arlington's objections to certain exhibits in the Appendix to Plaintiffs' Response and moved the Court to strike those exhibits. Doc. 64, Arlington's Reply, 4–6. On April 28, 2022, Plaintiffs moved for leave to file a response to the objections presented as Section III of

---

[1] The timely filing of Plaintiffs' Appendix was hampered by technological issues and the Court subsequently granted leave for its untimely filing. *See* Doc. 62, Unopposed Mot. Leave to File App.; Doc. 63, Order Granting Unopposed Mot. Leave to File App.

Arlington's Reply, complaining that the objections and motion to strike had been improperly presented therein. Doc. 67, Mot. Leave File Resp. Instead of granting leave for Plaintiffs to file a another response, the Court struck the objections presented as Section III of Arlington's Reply and ordered Arlington to file its objections by a proper motion. Doc. 68, Order. Arlington did so by the instant motion, which is now ripe for the Court's determination. *See* Doc. 69, Mot. Strike; Doc. 74, Pls.' Resp. Mot. Strike; Doc. 75, Arlington's Reply Mot. Strike.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(c)(2) permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "At the summary judgment stage, evidence relied upon need not be presented in admissible form, but it must be *capable* of being presented in a form that would be admissible in evidence." *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018) (emphasis in original) (quoting *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quotation marks omitted).

## III.

## ANALYSIS

Arlington objects to and moves the Court to strike from the summary-judgment record Exhibits J, U, V, W, and Y to the Appendix to Plaintiffs' Response. Doc. 69, Mot. Strike, 1. Arlington claims that Exhibits U, V, and W "are irrelevant to the constitutionality of [the Ordinance]" because they predate its enactment and that these exhibits "have not [been] properly supported and authenticated . . . with a sponsoring affidavit . . . or otherwise." *Id.* at 2–3 (citing Fed.

R. Evid. 401, 901; Fed. R. Civ. P. 56(c)(2)). Arlington similarly claims that Exhibits J and Y are irrelevant because they "pertain to . . . a 2016 ordinance . . . that predates the 2018 Ordinance at issue in this lawsuit" and that they "cannot be presented in a form that would be admissible in evidence." *Id.* at 3 (citing Fed. R. Evid. 401; Fed. R. Civ. P. 56(c)(2)).

Plaintiffs respond that Exhibits U, V, and W "were . . . authenticated . . . by a supporting declaration of Plaintiffs' counsel." Doc. 74, Pls.' Resp. Mot. Strike, 1. Further, "Exhibit U . . . was . . . authenticated by a supporting declaration of [Arlington]'s counsel, albeit in a different form," *id.* (citing Doc. 49, Arlington's App., 306, 471–473), while Exhibits V and W "are public records under Fed. R. Evid. 901(b)(7)(A)." *Id.* Also, "[these] three . . . exhibits are self-authenticating as produced by [AOH] to [Arlington] during discovery." *Id.* at 1–2. All five challenged exhibits, Plaintiffs assert, "[w]ould be authenticated at trial by and through witness testimony . . . [and] are relevant and material to refute [Arlington's] claims [about] the [Ordinance's] constitutionality . . . and the intent of the parties as affirmatively stated in [Arlington's] motion for summary judgment." *Id.* at 2. These pre-2016 exhibits, they argue, are relevant to the Plaintiffs' history of interest in placing bins in Arlington and the history underlying the 2018 Ordinance's development and enactment. *Id.* at 8–10.

Arlington replies that (1) Plaintiffs' "cursory statement that '[they] would call on their witnesses to perfect authentication of all [five] exhibits through testimony'" does not meet their burden of showing that such authentication will be possible, (2) "[t]he mere fact that [Exhibits U, V, and W] were produced by [AOH] . . . during discovery does not . . . render them self-authenticating . . . [or] admissions of a party opponent," and (3) Exhibits V and W do not "qualify as authenticated public records 'recorded or filed in a public office as authorized by law' under Federal Rule of Evidence 901[(b)](7)." Doc. 75, Arlington's Reply Mot. Strike, 2–3.

Having considered each of the challenged exhibits, the Court finds that Plaintiffs have adequately alleged that each could be presented at trial in a form that would be admissible in evidence. Plaintiffs assert that they will authenticate each through witness testimony and Arlington does not challenge Plaintiffs' ability to do so. Doc, 74, Pls.' Resp. Mot. Strike, 7; *see* Doc. 75, Arlington's Reply Mot. Strike, 2 (challenging the adequacy of Plaintiffs' statement regarding authentication by witness testimony at trial as "cursory"). And as Arlington's own citation to the 2010 Advisory Committee's Notes to Rule 56 states, Plaintiffs' burden at this stage is "to explain the admissible form that is anticipated." Doc. 75, Arlington's Reply, 2 (citing Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment). By explaining their proposed method of authentication for each exhibit—witness testimony at trial—Plaintiffs have carried this burden. *Cf. Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 522 (5th Cir. 2021) (finding that summary judgment evidence challenged as inadmissible was properly excluded where the plaintiff "made no viable arguments to the district court as to the admissibility of the document or its contents, and . . . never explained how he would put the otherwise inadmissible evidence into an admissible form for trial").

Further, the Court will appropriately consider the relevance of each challenged document on summary judgment such that no party will be prejudiced by its inclusion in the summary judgment record. *See BCC Merch. Sols., Inc. v. Jet Pay, LLC*, 129 F. Supp. 3d 440, 463 (N.D. Tex. 2015) ("[T]o the extent any of the objected-to evidence in these exhibits is truly irrelevant to a particular issue, or contains conclusory opinions or statements not based on the declarant's personal knowledge, the Court can take such deficiencies into consideration in its determination of whether [the party offering the exhibit] presented enough competent summary judgment evidence to create a genuine issue of material fact."); *see also Cannata v. Cath. Diocese of Austin*, 2011 WL 4352771, at *3 (W.D.

Tex. Sept. 16, 2011), *report and recommendation adopted*, 2011 WL 7074303 (W.D. Tex. Oct. 21, 2011), *aff'd*, 700 F.3d 169 (5th Cir. 2012) (denying a motion to strike summary judgment evidence because the court would appropriately judge the relevance of the challenged evidence). *Cf. Hicks-Fields v. Harris Cnty*, 860 F.3d 803, 809 (5th Cir. 2017) (noting that district courts deciding matters on summary judgment have "broad discretion in . . . evidentiary rulings on relevance" and "the bar is low").

Accordingly, the Court **DENIES** the motion to strike Plaintiffs' Exhibits J, U, V, W, and Y. If this matter is not decided upon summary judgment, Arlington is of course free to reassert its evidentiary objections at trial. *See* Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment.

## IV.

## CONCLUSION

For the reasons given above, Arlington's Objections to and Motion to Strike Plaintiffs' Summary Judgment Response Evidence (Doc. 69) is **DENIED**.

**SO ORDERED.**

**SIGNED: July 11, 2022.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE